IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| PAREXEL INTERNATIONAL CORPORATION, a Massachusetts corporation,<br><br>                    Plaintiff,<br>        v.<br><br>AZAYA THERAPEUTICS, INC., a Delaware corporation,<br><br>                    Defendant. | Civil Action No. 5:13-cv-786<br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

Plaintiff PAREXEL INTERNATIONAL CORPORATION ("PAREXEL"), by and through its undersigned attorneys, files this suit against AZAYA THERAPEUTICS, INC. ("Azaya") for trademark infringement, false designation of origin, and unfair competition.  For over thirty years, PAREXEL has offered a wide variety of services, including laboratory services, within the pharmaceutical, biotechnology, and medical device and diagnostics industries under the trademark PAREXEL.  Last month, Defendant Azaya began to offer highly related services, including chemistry testing services and liposome manufacturing services, within some of the same industries, under the confusingly similar mark PAREXO LABS.  PAREXEL has undeniable priority and incontestable rights in its PAREXEL trademark, which is entitled to a broad scope of protection.  Azaya must cease use of its confusingly similar mark and move on.

## THE PARTIES

1.      Plaintiff PAREXEL International Corporation is a Massachusetts corporation with its principal place of business in Waltham, Massachusetts.

2.     On information and belief, Azaya Therapeutics, Inc. is a Delaware corporation with its principal place of business in San Antonio, Texas.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1338 because PAREXEL's claims arise from federal unfair competition law.   This Court has supplemental jurisdiction over PAREXEL's state law claim pursuant to 28 U.S.C. § 1367.

4.     This Court has personal jurisdiction over Azaya, among other reasons, because Azaya has its principal place of business in San Antonio, Texas.

5.     Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391(b)(1) because Azaya resides here and 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to PAREXEL's claims occurred here.

## THE CONTROVERSY BETWEEN THE PARTIES

6.     Since its founding over thirty years ago, PAREXEL has offered a broad variety of services within the pharmaceutical, biotechnology, and medical device and diagnostics industries.  It is a recognized market leader in clinical pharmaceutical and drug development research, market research, business information collection and management, data processing, and regulatory research and advice.  It offers comprehensive consulting services relating to clinical trials, regulatory affairs, drug development, and manufacturing compliance and validation.  Of particular relevance to this dispute, PAREXEL performs laboratory services for its clients in its own laboratory and partner laboratories. PAREXEL's laboratories include state of-the-art chromatographic systems, immunochemistry, flow cytometry and pharmacogenetic facilities enabling a broad range of cellular, genetic and soluble biomarker analyses.

7.     PAREXEL owns two incontestable United States registrations for its PAREXEL trademark (Reg. Nos. 1,403,530 and 2,407,845), each of which bears a priority date of January 1, 1983.  The registrations are on the Principal Register under the Lanham Act.  Attached as Exhibit A and B are true and correct copies of the registration certificates.

8.     Since PAREXEL's right to use the PAREXEL mark has become incontestable, the registration certificates attached as Exhibits A and B are conclusive evidence of:

a.  the validity of the registered mark,

b.  of the registration of the mark,

c.  of PAREXEL's ownership of the mark, and

d.  of PAREXEL's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the registration certificates.

15 U.S.C. § 1115 (b).

9.     PAREXEL also owns four allowed United States applications for the PAREXEL MYTRIALS trademark (Ser. Nos. 85,571,106; 85,571,105; 85,571,109; and 85,571,108), each of which bears a priority date of March 15, 2012.

10.     In addition to the rights granted by these federal trademark registrations and allowed applications for PAREXEL and PAREXEL MYTRIALS, Parexel owns common law rights in these trademarks.

11.     On information and belief, Azaya just last month launched a division named PAREXO LABS.  According to Azaya, PAREXO LABS is a "contract analytical testing laboratory providing chemistry testing services and liposome manufacturing services to the pharmaceutical, medical device, and drug-device combination product industries."  It serves "students," "scientists" and "health and information professionals" around the world.

12.     PAREXEL has priority over Azaya with respect to all relevant trademark rights. PAREXEL began using the PAREXEL trademark in commerce on or before January 1, 1983 and registered the PAREXEL trademark with the United States Patent and Trademark Office by July 29, 1986.   PAREXEL applied to register the PAREXEL MYTRIALS trademark with the United States Patent and Trademark Office by March 15, 2012 and has been issued a Notice of Allowance on each of these applications.

13.     On information and belief, Azaya did not use the PAREXO LABS mark in commerce until July 8, 2013.

14.     On July 23, 2013, two weeks after Azaya launched its division under the infringing PAREXO LABS mark, PAREXEL wrote to Azaya asserting its PAREXEL trademark and "insist[ing] that Azaya adopt a different name for its new division."   Rather than comply, Azaya filed a United States trademark application to register its infringing PAREXO LABS mark (Ser. No. 86,030,460).   Azaya has left PAREXEL with no choice but to file suit to prevent continued violation of its trademark rights and to protect consumers against likely confusion.

## THE LIKELIHOOD OF CONFUSION BETWEEN THE MARKS

15.     Trademark infringement, false designation of origin and unfair competition each arise from likelihood of confusion between two marks.   Courts apply a nonexclusive list of eight factors to assess likelihood of confusion: (1) strength of the senior mark; (2) similarity of the marks; (3) similarity of the underlying goods or services; (4) identity of customers; (5) care of customers; (6) identity of advertising media; (7) intent of the junior user; and (8) evidence of actual confusion.   Doubt is resolved in favor of a senior user, but here there is no doubt.   All factors point to likely confusion.

16.    First, the senior mark is extremely strong.  For example, PAREXEL is an arbitrary trademark, which is the strongest kind.  Also, PAREXEL is featured in two incontestable United States trademark registrations, which makes it conclusively distinctive. Likewise, PAREXEL has achieved widespread recognition among the consuming public through extensive use and promotion for over thirty years.  Finally, PAREXEL is the only mark on the Principal Register in either International Class 35 or International Class 42 that begins with the letter string "parex," except for a single mark not used in the pharmaceutical, biotechnology, medical device or diagnostics industries.

17.    Second, the marks are very similar.  Indeed, the first five letters in PAREXEL and PAREXO LABS are identical.  Azaya cannot avoid liability by adding a common descriptive term – such as "labs" – at the end of its infringing mark.  Moreover, PAREXO LABS is easily misread as PAREXOL LABS, which aggravates the similarities between the marks.

18.    Third, the parties' services are highly similar.  Under its PAREXEL trademark, PAREXEL offers a broad variety of services, including services relating to clinical research, market research, business information, data processing, and regulatory research, as well as consulting services relating to clinical trials, regulatory affairs, drug development, and manufacturing compliance and validation, within the pharmaceutical, biotechnology, and medical device and diagnostics industries.  Among other services, PAREXEL offers laboratory services which include state of-the-art chromatographic systems, immunochemistry, flow cytometry and pharmacogenetic facilities enabling a broad range of cellular, genetic and soluble biomarker analyses. Consumers will naturally assume that "chemistry testing services and

liposome manufacturing services" which Azaya offers to some of the same industries under the PAREXO LABS mark originate from a common source.

19.     Fourth, the parties serve the same types of customers.  For example, both serve scientists and health professionals and information professionals.  On information and belief, some of the parties' customers are identical.

20.     Fifth, many of Azaya's PAREXO LABS customers - scientists, health professionals, IT professionals and students - will not exercise sufficient care when acquiring services and products from PAREXO LABS.  Given the striking similarities between the parties' marks, they will naturally assume some affiliation between PAREXEL and the PAREXO LABS division of Azaya.  Even if their initial confusion is later dispelled, it establishes actionable infringement.

21.     Sixth, the parties' promote their services using similar channels.  For example, both promote their services online and in the press.  PAREXEL also promotes its services in trade publications and at trade shows.  Upon information and belief, Azaya does the same, through its PAREXO LABS division and otherwise.

22.     Seventh, Azaya likely intends to trade on existing goodwill the PAREXEL trademark.  When it named PAREXO LABS, Azaya knew that PAREXEL had previously registered the PAREXEL trademark, used the PAREXEL trademark extensively and built its reputation around the PAREXEL trademark.  When it applied to register PAREXO LABS, Azaya knew that PAREXEL objected to use and registration of this mark.  Azaya was on notice. It did not proceed innocently.

23.     Eighth, actual consumer confusion is inevitable, under the circumstances, which explains why PAREXEL must enjoin continued violation of its trademark rights.

**First Cause of Action**

(Trademark Infringement - 15 U.S.C. § 1114)

24.     PAREXEL incorporates the facts set forth in the above paragraphs herein by reference.

25.     PAREXEL owns federal trademark registrations and common law rights in PAREXEL.  PAREXEL also owns allowed federal trademark applications and common law rights in PAREXEL MYTRIALS.  Its registration priority dates and common law rights precede any use of PAREXO LABS by Azaya or any application to register PAREXO LABS in favor of Azaya.

26.     PAREXEL uses the PAREXEL trademark with the goods and services listed in United States Reg. Nos. 1,403,530 and 2,407,845.  PAREXEL uses the PAREXEL MYTRIALS mark with the goods and services listed in United States Application Ser. Nos. 85,571,106, 85,571,105, 85,571,109, and 85,571,108.

27.     Azaya's use of a confusingly similar mark for its PAREXO LABS division in connection with chemistry testing services and liposome manufacturing services will likely cause consumers to be confused, mistaken or deceived.

28.     Azaya had actual or constructive knowledge of PAREXEL's use of the PAREXEL trademark and PAREXEL MYTRIALS trademark before beginning to use the PAREXO LABS mark.

29.     PAREXEL has not consented to Azaya's use of its confusingly similar mark.  On the contrary, PAREXEL has expressly objected, repeatedly.

30.     Azaya's unauthorized use of its confusingly similar mark is trademark infringement in violation of 15 U.S.C. § 1114.

31.     The willful and intentional nature of Azaya's conduct makes this an exceptional case pursuant to 15 U.S.C. § 1117(a).

32.     As a result of Azaya's trademark infringement, PAREXEL has suffered damages in an amount to be determined at trial.

33.     As a result of Azaya's trademark infringement, PAREXEL has also suffered irreparable injury to its business, reputation and goodwill.   PAREXEL will suffer such irreparable injury until this Court enjoins Azaya's misconduct.

### Second Cause of Action

### (False Designation of Origin - 15 U.S.C. § 1125(a))

34.     PAREXEL incorporates the facts set forth in the above paragraphs herein by reference.

35.     Azaya's unauthorized use of a confusingly similar mark for its PAREXO LABS division falsely suggests that this division and its offerings are connected with, sponsored by, affiliated with, or related to PAREXEL, or that PAREXEL and its offerings are connected with, sponsored by, affiliated with, or otherwise related to the PAREXO LABS division of Azaya.

36.     Azaya's unauthorized use of the PAREXO LABS mark constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a).

37.     The willful and intentional nature of Azaya's false designation of origin makes this an exceptional case pursuant to 15 U.S.C. § 1117(a).

38.     As a result of Azaya's false designation of origin, PAREXEL has suffered damages in an amount to be determined at trial.

39.     As a result of Azaya's false designation of origin, PAREXEL has also suffered irreparable injury to its business, reputation and goodwill.   PAREXEL will suffer such irreparable injury until this Court enjoins Azaya's misconduct.

### Third Cause of Action

(State Unfair Competition)

40.     PAREXEL incorporates the facts set forth in the above paragraphs herein by reference.

41.     Azaya's conduct, namely, its unauthorized use of the PAREXO LABS mark in a manner that is likely to cause confusion, or to cause mistake, or to deceive constitutes unfair competition under the common law of the State of Texas.

42.     Azaya's conduct is unlawful, unfair and/or fraudulent.   Azaya's conduct is also intentional, malicious and/or willful.

43.     As a result of Azaya's unfair competition, PAREXEL has suffered irreparable injury to its business, reputation and goodwill.   PAREXEL will suffer such irreparable injury until this Court enjoins Azaya's misconduct.

### PRAYER FOR RELIEF

Accordingly, PAREXEL prays for relief as follows:

44.     For a judgment enjoining Azaya, and all of its agents, representatives, affiliates and parent companies, preliminarily and permanently, from using PAREXO LABS and doing any act or thing likely to confuse or deceive consumers into believing that there is any connection between Azaya and PAREXEL and their respective products and services;

45.     A judgment ordering Azaya, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon PAREXEL within 30 days after entry of the injunction, a report in writing

under oath setting forth in detail in the manner and form in which Azaya has complied with the injunction;

46.     A judgment that Azaya account for and disgorge to PAREXEL all of the profits realized by Azaya, and others acting in concern with it, resulting from Azaya's trademark infringement, false designation of origin, and unfair competition;

47.     A judgment awarding compensatory damages, plus interest, in an amount to be determined;

48.     A judgment that PAREXEL be awarded three times Azaya's profits from its use of PAREXO LABS, or three times Parexel's damages, whichever is greater, together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and (b);

49.     A judgment that PAREXEL recover costs of this action plus interest; and

50.     Such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Parexel International Corporation hereby demands a trial by jury on all issues so triable.

Dated:  August 27, 2013                    Respectfully submitted,

                                           */s/ William B. Nash*
                                           William B. Nash
                                           Texas State Bar No. 14812200
                                           HAYNES AND BOONE, LLP
                                           112 East Pecan Street, Suite 1200
                                           San Antonio, TX 78205
                                           Telephone:  (210) 978-7000
                                           Facsimile:  (210) 978-7450
                                           bill.nash@haynesboone.com

                                           HARVEY SISKIND LLP
                                           D. PETER HARVEY (*pro hac vice* pending)
                                           pharvey@harveysiskind.com
                                           DONALD A. THOMPSON (*pro hac vice* pending)
                                           dthompson@harveysiskind.com
                                           Four Embarcadero Center, 39th Floor
                                           San Francisco, California  94111
                                           Telephone: (415) 354-0100
                                           Facsimile: (415) 391-7124


                                           *Attorneys for Plaintiff,*
                                           *PAREXEL International Corporation*